UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re:<br>STUART GRAEME HARDMAN )<br>　　　　The Debtor. )<br>　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　)<br>_____)<br>TOM and ROSE WESOLEK )<br>　　　　Plaintiff )<br>v. )<br>　　　　　　　　　　　　　　　)<br>STUART GRAEME HARDMAN )<br>　　　　Debtor ) | Chapter 7<br>Case No. 16-30419<br><br><br><br>Adv. Proc. No. 10-_____ |

### COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT AND TO DISMISS BANKRUPTCY

Tom and Rose Wesolek ("Plaintiff" or the "Wesoleks"), by and through their attorney, brings this Complaint to Determine Non-Dischargeability of Debt and Declaratory Judgment and to Dismiss Bankruptcy against the above-captioned Debtor Stuart G. Hardman ("Debtor" or "Stuart Hardman"), pursuant to section 523(a)(2)(A) and 523(a)(6) and 727(a)(2) of title 11 of the United States Code, 11 U.S.C. Sec. 101-1532 (the "Bankruptcy Code").

### JURISDICTION AND VENUE

1.　This Court has jurisdiction pursuant to 28 U.S.C. Sec. 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. Sec. 1408 and 1409. This is a core proceeding under 28 U.S.C. Sec. 157(b)(2)(I).

2.　The predicates for the relief requested herein are sections 523(a)(2)(A) and 523(a)(6) of the Bankruptcy Code and Rules 4007 and 7001 of the Federal Rules of Bankruptcy Procedure.

1

## THE PARTIES

3. Tom and Rose Wesolek are married individuals who reside in and own the property located at 11113 Boeger Ct., Westchester, IL.

4. Stuart Hardman is an individual who performs construction and home remodeling services under the name Hardman General Contractors. Hardman General Contractors is a business operated in Illinois, with a business location of 414 40th Street in Downers Grove, Illinois. Hardman General Contractors also does business as Hardman Construction and Hardman Custom Homes. Stuart G. Hardman is at least a part owner of Hardman General Contractors. Stuart G. Hardman is also known as Stu Hardman.

5. Debtor filed a voluntary Chapter 7 bankruptcy petition on 9/23/2016 (the "Petition Date").

## INTRODUCTION

6. Tom and Rose Wesolek hired Stuart Hardman d/b/a Hardman General Contractors, to construct an addition on to their home which included the construction of a new roof.

7. Hardman misled and defrauded the Wesoleks by failing to disclose to them that he was not a licensed roofer and by failing to inform them that the roof he erected was defective and intended to be temporary. He also hid from them numerous defects in his construction work. The Wesoleks reasonably relied on Hardman's representations that he was a roofer and a capable contractor who would erect a structure up to the applicable code, and they would not have hired Hardman, or allowed him to construct a defective and temporary roof, had they been properly informed that he was not licensed to do roofing work.

8. Very shortly before filing for bankruptcy, Hardman helped his son set up a construction company called Hardman Home Builders Co. This newly formed company performs the

same work for the same type of clients as Hardman General Contractors. Hardman has diverted business to his son's company and Hardman works for that company and derives benefits from that company that were deceptively not disclosed on his bankruptcy petition in an effort to deceive the bankruptcy court about his assets and income.

## FACTS

### Hardman Concealed The Fact That He Was Not A Licensed Roofer

9. On or about August 29, 2014, Hardman entered into a written agreement ("Contract") with the Wesoleks whereby Hardman would act as general contractor to build an addition to the rear of the Wesolek's home which included the construction of a new roof. (**Exhibit A**) The total price of the Contract was to be $57,000.

10. Hardman General Contractors offered to the Wesoleks to construct a "single storey (sic) addition" with "a new roof with white aluminum fascia, soffit, gutters and ashfelt (sic) shingles."

11. The Contract provides that "Village of Westchester Registration and Permits are obtained by Hardman".

12. On or about July 30, 2014, Stuart G. Hardman applied for a residential building permit in the Village of Westchester, Illinois.

13. The building permit was for the construction of an addition to the residence of Tom and Rose Wesolek, located at 1113 Boeger Court in Westchester, Illinois.

14. "Hardman Construc." is listed as the roofer on the permit application.

15. Attached as **Exhibit B** is a true and copy of the building permit application used by Stuart

3

Hardman in applying for the residential building permit in connection with the Contract.

16. On or about March 19, 2015, Stuart G. Hardman and his son installed the roof of the addition to the Wesolek residence in Westchester, Illinois.

17. Stuart G. Hardman is not licensed as a Roofing Contractor in the state of Illinois.

18. Hardman General Contractors, including Hardman Construction and Hardman Custom Homes are not licensed as Roofing Contractors in the State of Illinois.

19. Stuart G. Hardman's son is not licensed as a Roofing Contractor in the State of Illinois.

20. Stuart G. Hardman engaged in the unlicensed practice of roofing in Illinois.

21. Hardman General Contractors engaged in the unlicensed practice of roofing in Illinois.

22. Stuart Hardman did not intend the March roofing work to be permanent and intended to hire a licensed Roofing Contractor to remove the roofing materials and to install an asphalt shingled roof with adequate ventilation, ice and water shield, adequate treatment of the valleys and abutments to the existing structures, drip edge, flashing and waterproofing of roof penetrations.

23. Stuart Hardman never told the Wesoleks that he was not a licensed roofer.

24. Stuart Hardman never told the Wesoleks that he did not intend his work to be permanent.

25. Stuart Hardman never told the Wesoleks that he intended his roofing work would have to be torn down and replaced by a licensed Roofing Contractor.

26. Stuart Hardman never removed the roof he installed and had it replaced by a licensed Roofing Contractor.

### Hardman Ordered to Cease and Desist
### Unlicensed Roofing Work

27. On April 25, 2016, Hardman, and his attorney, executed a consent order with the Illinois Department of Professional Regulation ("Consent Order") A certified copy of this Consent Order is attached hereto as **Exhibit C**.

28. In the Consent Order, Stuart Hardman agreed to cease and desist from offering and providing roofing services in the State of Illinois.

### Judicial Finding of Fraud

29. On July 7, 2016, the Cook County Circuit Court entered a final judgment ("Judgment") against Hardman, a true and correct copy of which is attached hereto as **Exhibit D**.

30. The Judgment contains a specific finding of fact in regards to fraud as follow:

> Additionally, the Court specifically finds (1) that Stuart Hardman engaged in Consumer Fraud and Violated the Illinois Consumer Fraud Act by making false representations to Tom and Rose Wesolek regarding his status as a licensed roofer by identifying himself as the roofer on the building permit he completed for the Wesoleks, (2) that at the time he made these false representations, Stuart Hardman knew they were false, (3) that Stuart Hardman made these false representations with the intention and purpose of deceiving the Wesoleks; (4) that the Wesoleks justifiably relied on Hardman's representations regarding his status as a roofer; and (5) that the Wesoleks sustained loss and damage as the proximate result of Hardman's false representations.

### Hardman Concealed
### Unlicensed and Defective Work

### Violation of
### Illinois Roofing Industry Licensing Act

31. The Illinois Roofing Industry Licensing Act (225 ILCS 335/1 et. seq.) prohibits an individual from performing roofing work in Illinois without a proper license.

5

## Consumer Fraud and Violation of
## Illinois Home Repair And Remodeling Act

32. Section 815 ILCS 513/18(d) of the Home Repair Remodeling Act ("HRRA") provides in pertinent part:

    "A contractor offering home repair or remodeling services shall include its Illinois State roofing contractor license name and number as it appears on its Illinois State roofing license on all contracts..."

33. Section 20 of the Home Repair and Remodeling Act provides in relevant part:

    "Sec. 20. Consumer rights brochure.
    (a) For any contract over $1,000, any person engaging in the business of home repair and remodeling shall provide to its customers a copy of the 'Home Repair: Know Your Consumer Rights' pamphlet prior to the execution of any home repair and remodeling contract." (815 ILCS 513/20)

34. A copy of The Consumer Rights Brochure referenced in the HRRA which is made available by the Illinois Attorney General's Office is attached hereto as **Exhibit E.**

35. The HRRA Brochure informs a consumer that "Illinois law also requires contractors who offer roofing work to include the Illinois state roofing license name and number on contracts and bids."

36. Stuart Hardman did not include his roofing license on his contract with the Wesolek's.

37. HARDMAN did not provide the WESOLEKS a copy of a "Home Repair: Know your Consumer Rights" pamphlet and an acknowledgment form, prior to the execution of a home repair and remodeling contract over $1,000.00.

38. Section 35(b) of the Home Repair and Remodeling Act provides:

    "...any violation of this Act shall constitute a violation of the Consumer Fraud and Deceptive Business Practices Act." 815 ILCS 513/35(b)

6

## Hiding Defective Work

39. The Contract provides that Hardman's work was "to be performed in accordance with drawings and specifications".

40. Before performing his work and while doing his work, Hardman knew his work was not being done in accordance with drawings and specifications.

41. Attached as **Exhibit F** is a Certified Letter from Village of Westchester which is addressed to the bond company which insured Hardman's compliance with building codes while working in the Village of Westchester. This letter was obtained in response to a Freedom of Information Act request served upon the village.

    According to the Village Attorney, Erin Tinaglia,

    "Stuart Hardman D/B/A Hardman General Contractors performed the work at 11113 Boeger Court, Westechester, Illinois 60154, in violation of the Village of Westchester Municipal Code." (emphasis added)

42. Tinaglia's statement is based upon an inspection report dated July 22, 2015, highlighting the non-compliant work performed by Hardman and a memorandum from the Village of Westchester's Director of Community Development dated August 3, 2015, detailing Hardman's code violations.

43. The Village Inspector Report dated July 22, 2015, identifies the following defects in Hardman's work as regards to the roof:

    - Roof framing not built per approved/stamped plans
    - Shingles not installed per manufacturers specifications

44. These defects and code violations are then spelled out in greater detail in the memorandum by Melissa Headly, AICP, Director of Community Development for the Village of

Westchester. The Village Inspector's report, which is certified by the Village, concludes that the work is "NOT Approved As Noted."

45. Additional certified inspector reports were also produced in response to the FOIA request which detail a number of additional code violations discovered after the Village attorney wrote her letter.

- On March 7, 2016, the village inspector notes that "Foundation appears to low to match grade. Cripple wall not bolted to foundation. Rim Joist not bolted to structure. No joist hangers. Gravel down with no vapor barrier...East wall set below top of foundation wall and bottom plate is not treated...Furnace flue run inside fire place leaving no room for fire box insert or flue, **roof not framed per plans**. Plywood sub floor poorly installed so as to not run parallel with joist causing weak spots in substrate." (emphasis added)

- On March 21, 2016, the Village Inspector reported that "**Builder used temporary support columns**. Plan Dated Aug 4, 2014 sheet A-3 calls for 3 1/2 x 5 1/2 PSL post for beam support. Also builder did not use 3/12 x 5 1/4 PSL post for ridge support also shown on pg. A-3" (emphasis added)

- On April 6, 2016, the Village Inspector reported that "Beam #1 on Sheet A-3 plan dated July 23, 2014 calls for a 5 1/4 x 14" ... Beam. Contractor used 12 x 3 1/2 inch beam."

46. Hardman personally has received a total of $48,960 in payments from the Wesoleks.

## COUNT I
### (Exception to Discharge under 11 U.S.C. Sec. 523(a)(2)(A))

1-46. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs 1-46 as if fully set forth herein.

47. According to 11 USC Sec. 523(a)(2)(A)

"(a) A discharge under ...this title does not discharge an individual debtor from any debt - ... (2) for money, property, services...to the extent obtained by - (A) False pretenses, a false representation, or actual fraud..."

48. Stuart Hardman secured a construction contract with the Wesoleks by representing to them

8

and to the Village of Westchester that he was permitted to perform roofing work in the State of Illinois.

49. Stuart Hardman constructed a roof on the Wesolek's home without telling them that he intended said roof to be a temporary structure which would have to be torn off and replaced by a licensed roofer.

50. Stuart Hardman intentionally failed to put a roofer's license number on his contract with the Wesoleks and intentionally failed to provide them with notices required by the Illinois Home Repair and Remodeling Act.

51. Stuart Hardman failed to tell the Wesoleks that the roof he was constructing for them was defective and did not comply with plans, specifications and the applicable building code.

52. Stuart Hardman installed a temporary support beam and then covered that temporary support beam with drywall so that its presence could not be seen by the Wesoleks.

53. An Illinois Circuit Court has rendered a written opinion that Stuart Hardman's conduct constituted a fraud upon the Wesoleks.

54. Stuart Hardman thereby obtained money from the Wesoleks, by way of false pretenses.

55. Stuart Hardman's conduct reflected a pattern of hiding from the Wesoleks material defects in his qualifications and the work being performed. The fact that Debtor never took any steps to remove and replace his unlicensed work proves that he never had any intention to do so.

56. Plaintiffs relied to their detriment on Debtor's false written representation that he was a "Roofer" and have incurred damages exceeding $90,000 relating to the entire rebuild of the work performed by Debtor on the Wesolek's home.

WHEREFORE, Plaintiff prays that this court deny Debtor's request for discharge of Plaintiff's debt.

## COUNT II
### (Objection to Dischargeability Under 11 U.S.C. Sec 523(a)(6))

1-56. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs 1-56 as if fully set forth herein.

57. Stuart Hardman intended to and willfully and maliciously caused an injury to Plaintiff.

58. Plaintiff's claim against Stuart Hardman is a direct result of the Debtor's willful and malicious injury to Plaintiff perpetrated in furtherance of the fraud described herein.

59. By his admission to the Illinois Department of Professional Regulation, Stuart Hardman knew he was not licensed to erect a roof on Plaintiff's home and knew that his work would have to be torn down. Stuart Hardman did not disclose these critical facts to the Wesoleks. Building a roof that he knew would need to be torn down constitutes willful and malicious conduct.

WHEREOFRE, Plaintiff prays that his court deny Debtor's request for discharge of Plaintiff's debt.

## COUNT III
### (Objection to Discharge Under 11 U.S.C. Sec 727)

**Failure to Identify Other Businesses Affiliated with Debtor**

1-8. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs 1-8 as if fully set forth herein.

9. Under the penalty of perjury, Stuart Hardman was asked to make representations regarding his business affiliations:

10

- "Any business names...you have used in the last 8 years..." (Part 1, Par. 4)

- "Interests in partnerships or joint ventures" (Schedule A/B: Property, Part 5, par.42)

- "Describe Employment" (Schedule I: Your Income, Part 1)

- "Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business..." (Official Form 107 Statement of Financial Affairs for Individuals Filing for Bankruptcy, Part 11, par 27)

10. On February 4, 2016, a company named Hardman Home Builders Co. was registered with the Illinois Secretary of State naming Stuart Hardman's son, Thomas, as the Agent. A true and correct copy of the publicly available corporation file detail is attached hereto as **Exhibit G**.

11. The address for Thomas Hardman is identified as 414 40th St., Downers Grove, IL 60515.

12. The property located at 414 40th St., Downers Grove, Illinois 60515 is owned by Stuart Hardman and is occupied by Stuart Hardman as his principal residence.

13. Hardman Home Builders Co., maintains its office and principal place of business at 414 40th St., Downers Grove, Illinois 60515.

14. On February 12, 2016, Stuart Hardman signed a building permit application from the Village of Western Springs, a true and correct copy of which is attached hereto and incorporated herein as **Exhibit H** ("Western Springs Building Permit"). The Western Springs Building Permit relates to an addition to be build on a home located at 4372 Hampton Ave., Western Springs, IL, at an estimated cost of $280,000 ("Western Springs Job").

15. With the exception of the owner's signature, the information on the first page of the Western Springs Building Permit was filled out by Stuart Hardman.

16. The Western Springs Building Permit indicates that the email address for Hardman

Homebuilders Co. is "Stu.HardmanHomeBuilders@gmail.com". This e-mail address is directed to Stuart Hardman. The phone number indicated on the Western Springs Building Permit for Hardman Homebuilders Co. is 708.473.4043. This is Stuart Hardman's phone number. This is also the phone number used by Stuart Hardman in connection with Hardman General Contractors. The address indicated on the Western Springs Building Permit for Hardman Home Builders Co is 414 40th St. Downers Grove, IL 60515. This is the home address of Stuart Hardman. The "contact person" indicated on the Western Springs Building Permit is "Stu Hardman". Stu Hardman is the same person as Stuart Hardman.

17. Page 2 of the Western Springs Building Permit indicates that Hardman Home Builders Co. will be the general contractor, the demo contractor, the HVAC contractor, the insulator contractor, the masonry contractor, the plaster/drywall contractor, the siding contractor and the tile/marble contractor for the Western Springs Job.

18. On June 6, 2016, Stuart Hardman signed a building permit application from the City of Darien, a true and correct copy of which is attached hereto and incorporated herein as **Exhibit I**.

19. The Darien building permit relates to the construction of a 3 season room at a construction cost of $60,000.

20. Stuart Hardman's signature appears above the "Applicant Signature" line on the Darien building permit Stuart Hardman's personal phone number is provided, and Hardman HomeBuilders Co. is identified as the "General Contr." on the second page.

21. Attached as **Exhibit J** is a copy of a face book post which was posted by Stuart Hardman's son, Richard Hardman, on June 27, 2016. The house depicted in the photo is the same house

as the Western Springs Job.

22. Stuart Hardman assisted Hardman Home Builders Co. with construction related issues in connection with the work performed at the Western Springs Job and pursuant to the Darien building permit.

23. During 2016, Thomas Hardman has made payments to help Stuart Hardman pay his home mortgage.

24. The above-stated facts prove that Stuart Hardman has some business affiliation with and/or ownership interest in Hardman Home Builders Co.

25. Stuart Hardman did not report having any business affiliation with Hardman Home Builders Co. on his current bankruptcy filing.

26. By failing to identify his relationship with Hardman Home Builders Co. on his bankruptcy application, Stuart Hardman has attempted to deceive the Trustee and the Bankruptcy Court as to the full nature and extent of his business activities and income sources.

27. The Bankruptcy Petition requires Debtor to disclose "Any financial assets you did not already list" (Schedule A/B: Property, Part 4, par. 35)

28. The Bankruptcy Petition requires Debtor to disclose "Accounts receivable or commissions you already earned". (Schedule A/B: Property, Part 5, par. 38)

29. The monies earned and to be earned under the Western Springs Job should have been disclosed by Stuart Hardman on his Bankruptcy Petition.

30. 11 USC Sec. 727, the court will not grant a discharge where:

"(2)the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has...concealed - "(A) property of the debtor, within one year before the date of the filing of the petition..."...

"(4) the debtor knowingly and fraudulently, in or in connection with the case -- (A) made a false oath or account..."

31. On June 30, 2016, Stuart Hardman filed for bankruptcy under case number 16-21430. This bankruptcy was dismissed on September 16, 2016 on the grounds that Debtor failed to attend the meeting of creditors.

32. Hardman Home Builders Co, Inc. was formed just months before Stuart Hardman filed his June 2016 bankruptcy petition.

33. This conduct shows an intent and a planned scheme to hide business and assets prior to filing bankruptcy. Hardman Home Builders Co, Inc. was formed as a 'strawman' for the improper purpose of diverting business income away from the attention of the Trustee and the bankruptcy court.

34. Stuart Hardman knowingly and fraudulently concealed from the Trustee information about his affiliation with Hardman Home Builders Co.

WHEREFORE, because Stuart Hardman has knowingly and fraudulently deceived the Trustee and the creditors of the estate, Stuart Hardman should not be granted a discharge and his bankruptcy petition should be dismissed with prejudice.

Respectfully Submitted,
Tom and Rose Wesolek

By: _____
Its Attorney

Whiteman Borden LLC
Adam B. Whiteman
118 N. Clinton Street, Suite LL 380
Chicago, IL 60661
(312) 655-1000
Attorney Registration Number: 6208515

14